

# THE ATTORNEY GENERAL
## OF TEXAS

**GROVER SELLERS**      AUSTIN 11, TEXAS

~~ATTORNEY GENERAL~~

Honorable Royall R. Watkins, President
State Board of Education
Austin, Texas

Dear Sir:                          Opinion No. 0-6283
                                   Re: Can local public boards
                                       legally authorize the pay-
                                       ment out of local school
                                       moneys of insurance prem-
                                       iums on policies payable
                                       to the State Board for Vo-
                                       cational Education and
                                       covering the value of ed-
                                       ucational equipment loaned
                                       to them by the State Board
                                       for Vocational Education?
                                       And other questions.

        We are in receipt of your opinion request reading
as follows:

        "At the last meeting of the State Board for
    Vocational Education the writer was directed and
    authorized to submit to you for your considera-
    tion and advice the matter of whether or not a
    local school board could lawfully pay premiums on
    insurance policies covering the loss of equipment,
    etc. loaned to the respective school boards
    throughout the State of Texas by the State Board
    for Vocational Education.

        "The State Board for Vocational Education
    holds title to a large quantity of shop equipment
    which can be used by local public schools and which
    it proposes to loan to local public schools for
    use in their vocational shops to assist the local
    school in training their students in various fields of
    work. The value of the equipment loaned to in-
    dividual schools will vary from two or three thous-
    and dollars to as much as thirty thousand dollars.
    The State Board for Vocational Education proposes
    to loan this equipment to the local public schools
    using a contract, a copy of which is attached. In
    order to protect the interest of the State Board

for Vocational Education, the local public schools
have been requested to carry fire insurance cover-
ing the cost of the equipment in the name of the
State Board for Vocational Education. The ques-
tion has been raised by the local school board at-
torneys as to the legality of this requirement.
We respectfully request the opinion of the Attorney
General in regard to the following three questions:

"1. Can local public school boards le-
gally authorize the payment out of local
school moneys of insurance premiums on pol-
icies payable to the State Board for Voca-
tional Education and covering the value of
education equipment loaned to them by the
State Board for Vocational Education?

"2. (a) Would it be permissible for the
local public schools to pay to the State
Board for Vocational Education a nominal
rent for the use of vocational shop equip-
ment loaned to them by the State Board for
use in educational programs for regular high
school students?

"(b) If the answer to 2 (a) - the first
part of this question - is 'yes,' can the
State Board for Vocational Education lawful-
ly apply the moneys received for the nominal
rent for the payment of premiums on insur-
ance policies covering the equipment loaned
to the public schools?

"3. If a local school board by official
action makes itself responsible for the re-
placement of any equipment loaned to it by
the State Board for Vocational Education
and loss by fire or theft, would it be legal
for the local school board to purchase equip-
ment to replace that destroyed or lost and
return it to the State Board for Vocational
Education?"

The only authority for a school district to pay in-
surance premiums is found in Article 2827, Vernon's Texas Civil
Statutes, which reads as follows:

"The public free school funds shall not be ex-
pended except for the following purposes:

"1. The State and county available funds shall be used exclusively for the payment of teachers' and superintendents' salaries, fees for taking the scholastic census, and interest on money borrowed on short time to pay salaries of teachers and superintendents, when these salaries become due before the school funds for the current year become available; provided that no loans for the purpose of payment of teachers shall be paid out of funds other than those for the then current year.

"2. Local school funds from district taxes, tuition fees of pupils not entitled to free tuition and other local sources may be used for the purposes enumerated for State and county funds and for purchasing appliances and supplies, for the payment of insurance premiums, janitors and other employees, for buying school sites, buying, building and repairing and renting school houses, and for other purposes necessary in the conduct of the public schools to be determined by the Board of Trustees, the accounts and vouchers for county districts to be approved by the county superintendent; provided, that when the State available school fund in any city or district is sufficient to maintain the school thereof in any year for at least eight months, and leave a surplus, such surplus may be expended for the purposes mentioned herein.

"3. All independent school districts having within their limits a city with a population of 160,000 or more according to the last preceeding Federal census shall, in addition to the powers now possessed by them for the use and expenditure of local school funds and for the issuance of school bonds, be expressly authorized and empowered, at the option of the governing body of any such school district, in the buying of school sites and/or additions to school sites and in the building of school houses, to issue and deliver notes of the school district, negotiable or non-negotiable in form, representing all or a part of the purchase price or cost to the school district of the land and/or building so purchased or built, and to secure such notes by a vendor's lien and/or deed of trust lien against such land and/or building, and, by resolution or order of the governing body of the school district made at or before the delivery of such notes, to set aside and appropriate as a trust fund, and the sole and only fund, for the

> payment of the principal of and interest on such notes such part and portion of the local school funds, levied and collected by the school district in that year, and/or subsequent years, as the governing body of the school district may determine, provided that in no event shall the aggregate amount of local school funds set aside in or for any subsequent year for the retirement of such notes exceed, in any one such subsequent year, ten (10%) per cent of the local school funds collected during such year."

In our opinion all of the above questions should be answered in the negative. The Legislature did not have in mind the payment of insurance premiums on borrowed property when it passed Article 2827, Vernon's Texas Civil Statutes, but only on such buildings and contents as are authorized by law to be owned by school districts.

It is our opinion that insurance policies for which premiums are authorized to be paid by this article out of local school funds are such policies as protect the district, itself, from pecuniary liability or loss. Ordinarily, it is the purpose of insurance policies to protect the insured from liability or loss and not to provide the means of compensating a third party for loss. We find no law, either State or Federal, which has the effect of making the State Board for Vocational Education liable for the loss by fire of any of the equipment supplied by the Government, nor do we find any law requiring either the State Board for Vocational Education or the schools using such equipment to insure same.

Doubtless, the Legislature could authorize school districts to insure the equipment, but, so far, it has not done so. The Legislature could authorize the State Board for Vocational Education to charge nominal rent for the use of the equipment and to apply the money received in payment of premiums on insurance policies covering the equipment so loaned to the school districts, but in the absence of any legislation whatever with respect to these matters, we think the State Board for Vocational Education is without authority to require school districts to insure same and, the Board, likewise, is without authority to insure it.

We thank you for your courtesy in furnishing us with additional documentary material and regret that we find nothing

therein which would justify us in holding otherwise than as hereinabove stated.

Yours very truly

ATTORNEY GENERAL OF TEXAS


By /s/ C. F. Gibson
C. F. Gibson
Assistant

CFG:EP-ds

APPROVED JAN 20, 1945

/s/ Carlos C. Ashley

FIRST ASSISTANT ATTORNEY GENERAL

APPROVED
OPINION
COMMITTEE
BY /s/ B. W. B.
CHAIRMAN